[Doc. No. 74]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM BELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 09-4614 (NLH/JS) |
| : | |
| PLEASANTVILLE HOUSING : | |
| AUTHORITY, : | |
| : | |
| Defendant. : | |

**REPORT AND RECOMMENDATION
REGARDING THE DISMISSAL OF PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)(v)**

This matter is before the Court on the "Motion to Dismiss" [Doc. No. 74] filed by defendant Pleasantville Housing Authority. Defendant seeks dismissal of this action pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) due to plaintiff's repeated failure to appear for his deposition and answer interrogatories in response to the Court's Orders. No opposition has been filed to defendant's motion. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The Court exercises its discretion to decide defendant's motion without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the Court respectfully recommends that defendant's motion be GRANTED and that plaintiff's complaint be dismissed.

Background

Since dismissal is a drastic remedy, the Court will provide a detailed procedural history of the case. The history demonstrates that plaintiff has repeatedly ignored the Court's Orders and failed to appear for his Court Ordered deposition and properly respond to defendant's

interrogatories. Plaintiff filed his complaint [Doc. No. 1] on September 9, 2009, alleging he was unlawfully evicted from his apartment due to a disability and his sex, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* In its answer, filed on December 11, 2010 [Doc. No. 7], defendant denied all material allegations of plaintiff's complaint, raised affirmative defenses, and asserted a counterclaim seeking lost rent and costs because plaintiff allegedly violated the terms of his lease and made material misrepresentations. Plaintiff was granted leave to amend his complaint on March 30, 2010 [Doc. No. 19] and defendant filed its answer to the amended complaint [Doc. No. 20] on April 9, 2010. On June 29, 2010, defendant filed its first motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) [Doc. No. 21], alleging that plaintiff failed to comply with various discovery requests. Defendant argued that the complaint should be dismissed because plaintiff failed to show up at the scheduled time for a status conference and refused to appear for a deposition or answer interrogatories without counsel. See Defendant's Motion to Dismiss ¶¶ 3, 8. On December 17, 2010, the Honorable Noel Hillman, U.S.D.J., ordered plaintiff to file an amended complaint because the complaint rested solely on state law and did not allege diversity jurisdiction. Judge Hillman ordered plaintiff to amend the complaint within thirty days or the case would be dismissed for lack of subject matter jurisdiction. See Dec. 17, 2010 Order [Doc. No. 26]. Plaintiff failed to amend his complaint, therefore, on January 24, 2011 Judge Hillman issued an Order that dismissed the case for lack of subject matter jurisdiction. See Jan. 24, 2011 Order [Doc. No. 27]. Defendant's motion to dismiss was denied as moot. Id. On January 26, 2011, the Court received a letter from plaintiff [Doc. No. 28] that contained correspondence from July 2009 about a related state court eviction action. The Court treated the letter as a motion for reconsideration of the Order to

Dismiss.  On February 1, 2011, Judge Hillman denied plaintiff's request for reconsideration.  See Feb. 1, 2011 Order [Doc. No. 29].  On March 16, 2011 plaintiff appealed the Order dismissing the case.  See Plaintiff's Notice of Appeal [Doc. No. 30].

On appeal the Third Circuit determined that liberally construed, plaintiff's amended complaint contained allegations sufficient for the Court to maintain jurisdiction, and remanded the case.  See Third Circuit Opinion, Aug. 26, 2011 [Doc. No. 34].  On September 20, 2011, the Court issued an Order [Doc. No. 35] scheduling an in-person status conference for October 28, 2011.  Plaintiff failed to appear at the conference.  See Mins. of Proceedings, Oct. 28, 2011 [Doc. No. 37].  On November 1, 2011, the Court received a letter from plaintiff that included a standardized New Jersey Transit form stating that his train was canceled on October 28, 2011.  See Plaintiff's Letter, Oct. 28, 2011 [Doc. No. 39].  The status conference was rescheduled and eventually took place on December 7, 2011.  See Mins. of Proceedings, Dec. 7, 2011 [Doc. No. 43].  At the status conference plaintiff expressed reservations about appearing for a deposition without counsel.  The Court then issued an Order appointing counsel for plaintiff, but only for the limited purpose of defending him at his deposition.[1]  See Jan. 18, 2012 Order [Doc. No. 48].  Thereafter, plaintiff would not cooperate with his counsel to schedule his deposition.  The Court, therefore, ordered plaintiff to appear for his deposition by April 16, 2012.  See Amended Scheduling Order, March 15, 2012 [Doc. No. 56].  Plaintiff's deposition was scheduled for April 26, 2012 but plaintiff failed to appear.  See Certification in Support of Defendant's Motion to Dismiss ¶ 11 [Doc. No. 61-1].  The Court subsequently issued an Order directing counsel to schedule plaintiff's deposition on an agreed upon date in June, 2012.  The Order directed

---

[1] Although the Court believed plaintiff had the ability to represent himself in the case, the Court credited plaintiff's statement that he was "uncomfortable" appearing for a deposition without counsel.  The Court's Order specifically noted that counsel was only appointed to represent plaintiff at his deposition and for no other purpose.  See Jan. 18, 2012 Order.

plaintiff to appear at the scheduled deposition. The Order also advised plaintiff that if he did not appear for his deposition pro bono counsel's representation would be terminated. See Letter Order, May 3, 2012 [Doc. No. 60]. Plaintiff failed to appear for his scheduled deposition. See Order to Show Cause, July 2, 2012 [Doc. No. 65].

In addition to failing to appear for his deposition, plaintiff refused to cooperate with other discovery requests. On January 30, 2012, plaintiff filed a "Motion for Protective Order" [Doc. No. 50], requesting the Court to restrict or prohibit defendant's interrogatory requests because they were allegedly oppressive. On May 31, 2012, the Court denied the motion because defendant's requests appeared to be reasonably calculated to lead to the discovery of admissible evidence and did not place plaintiff at risk of undue embarrassment, annoyance, burden or expense. See May 31, 2012 Order [Doc. No. 63]. The Court ordered plaintiff to produce the requested information by June 14, 2012. See id. Plaintiff failed to produce the requested documents. See Order to Show Cause, July 2, 2012.

Because plaintiff failed to appear for his deposition and refused to comply with defendant's discovery requests and the Court's Orders, the Court issued an Order to Show Cause, ordering plaintiff to appear before the Court on July 24, 2012 to show cause why his complaint should not be dismissed for failure to comply with the Court's previous Orders. Plaintiff failed to appear. See Mins. Of Proceedings, July 24, 2012 [Doc. No. 67]. Further, plaintiff continued his lack of cooperation with appointed counsel. On August 6, 2012, the Court granted appointed counsel's motion to withdraw due to plaintiff's failure to cooperate. See August 6, 2012 Order [Doc. No. 68]. In the Order the Court re-scheduled plaintiff's Order to Show Cause hearing for August 23, 2012. Id. Plaintiff appeared for the hearing on August 23, 2012, and the Court

ordered plaintiff to appear for his deposition before September 29, 2012. The Court also notified plaintiff that if he did not appear for his deposition his case could be dismissed. See Aug. 23, 2012 Order [Doc. No. 70]. Although plaintiff's deposition was scheduled for September 17, 2012 he did not appear. See Dep. 6:20-7:6, Sept. 17, 2012 [Doc. No. 74-1]. Defendant then filed this motion to dismiss.

Discussion

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) if a party fails to obey a discovery order a court may enter an Order "dismissing the action or proceeding in whole or in part." Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). To determine whether dismissal is an appropriate sanction for a party's failure to participate in discovery, the Court balances six factors:

> (1) the extent of a *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). Whether to dismiss a case is within a court's discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). No particular Poulis factor is controlling and dismissal may be granted even if some factors are not met. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988)).

An analysis of the six Poulis factors supports a recommendation of dismissal. First, plaintiff carries full personal responsibility for his failure to respond to the Court's Orders. See

Rivera v. Capelli, No. 10-5546 (RBK/JS), 2012 WL 1623581, at *2 (D.N.J. Feb. 16, 2012). Except for the limited appointment of counsel to defend plaintiff at his deposition, plaintiff proceeded in this action pro se. Therefore, responsibility for the failure to appear for his deposition and to comply with the Court's Orders and defendant's discovery requests cannot be placed on anyone but plaintiff. See id. This is especially true here because plaintiff failed to cooperate with his court appointed counsel. Second, defendant is prejudiced by plaintiff's failure to produce discovery. Defendant is deprived of information in plaintiff's possession that it needs to develop its defense. In addition, defendant was forced to spend significant time and resources in an effort to obtain relevant discovery from plaintiff. Further, plaintiff refused to appear for his deposition and disregarded numerous Court Orders. As a result, plaintiff's actions have prejudiced defendant. See Pace v. Ianncone, No. 10-715 (WHW), 2011 WL 6965466, at *4 (D.N.J. Dec. 19, 2011). Third, plaintiff's repeated failure to respond to defendant's written discovery requests and refusal to comply with the Court's Orders demonstrates a history of dilatoriness on his part. See Capogrosso v. State Farm Ins. Co., No. 08-CV-2229 (DMC-JAD), 2010 WL 3404974, at *17-18 (D.N.J. Aug. 26, 2010). Fourth, plaintiff's actions have been willful. Plaintiff received notice of the Court's Orders, and his actions indicate he has made a conscious and deliberate decision not to comply. See Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520 (JEI/AMD), 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) ("A consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purpose of the fourth Poulis factor.'") (internal citations omitted). Fifth, the Court does not believe there is an available alternative sanction to obtain the requested discovery. It is apparent to the Court that plaintiff has no intention of complying with the Court's Orders or participating

in plainly relevant and appropriate discovery. This is evidenced by plaintiff's repeated failure to appear for his scheduled deposition, (see Doc. Nos. 60, 61, 65, 74) and his failure to comply with the Court's Orders to answer defendant's discovery requests (see Doc. Nos. 63, 65). Further, plaintiff was on notice that if he did not appear for his deposition and comply with the Court's Orders, this Court would recommend that his case be dismissed. Last, the Court considers whether plaintiff's claims are meritorious. In considering whether a claim or defense is meritorious, a summary judgment standard is not used. See Poulis, 747 F.2d at 869-70. Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense." Id. The Third Circuit determined that plaintiff's amended complaint contained allegations sufficient for the Court to maintain jurisdiction, therefore, the Court cannot say at this time that the complaint is without merit. See Third Circuit Opinion, Aug. 26, 2011 [Doc. No. 34].

Despite the possible merit of plaintiff's claims, the Poulis factors favor dismissal. See Aderinsoye v. Trans Union, LLC, No. 11-721 (PGS), 2012 WL 2131932, at *5 (D.N.J. May 2, 2012). The Court recognizes that dismissal of a complaint is reserved for the most extreme cases. Poulis, 747 F.2d. at 867-68. Nevertheless, the Court believes this drastic relief is appropriate. Plaintiff willfully refuses to cooperate in discovery and repeatedly ignores Court Orders. It is evident that plaintiff's actions manifest his intention not to produce relevant discovery and not to appear to be deposed. This being the case, there is no lesser alternative sanction than to dismiss plaintiff's claims.

Accordingly, and for the foregoing reasons, it is this 20th day of November, 2012, respectfully recommended that plaintiff's claims be dismissed. Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge